FILED

'2007 AUG -7  PM 12: 01

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ do DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARTIN,<br><br>                                   Plaintiff,<br><br>     vs.<br><br><br>GARZA, et al.,<br><br>                                   Defendants. | CASE NO. 06 CV 01095 JM<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND (2) DISMISSING COMPLAINT WITH PREJUDICE** |

## INTRODUCTION

Plaintiff James Martin ("Martin") is a state prisoner incarcerated at Richard J. Donovan Correctional Facility in San Diego, California. On May 19, 2006 Martin filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging the officials at the prison violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him immediate medical treatment. Before the court is the Defendants' Motion to Dismiss the complaint for failure to exhaust administrative remedies prior to filing the complaint as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, or, in the alternative, for failure to state a claim.

On April 3, 2007 United States Magistrate Judge Nita L. Stormes issued a thorough and thoughtful Report and Recommendation ("R&R") recommending that Defendants' Motion to Dismiss be granted. Martin filed timely objections, stating (1) that he had exhausted administrative remedies, but without stating why, and that he has stated his Eighth Amendment claim, and (2) that he would have been required to go to

1   the next level of appeal if he had received an adverse determination.  (Pl.'s Objections
2   to Defs.' Mot. To Dismiss at 1.)  For the reasons set forth below, the court adopts the
3   conclusions and findings contained in the R&R, incorporated by reference herein.  28
4   U.S.C. § 636(b)(1).

6   **BACKGROUND**

7        The Complaint names two prison guards, Sergeants Garza and Roberts, and a
8   medical technical assistant, Washington, as Defendants.  Martin claims that the actions
9   of the Defendants amounted to deliberate indifference to his medical needs in violation
10   of the Eighth Amendment prohibition against cruel and unusual punishment.

11        Martin  allegedly sustained injuries to his neck, back and shoulder when he
12   slipped on rain water and fell in his prison cell on February 19, 2005.  (Complaint at
13   1-3.)  Martin complained to the prison guards about his pain on the day of his fall, but
14   he did not receive medical attention "for a whole day."[1]  Martin also claims that
15   Defendants Garza and Roberts "covered up" the incident after it happened.  (Id. at 3-4).
16   Martin alleges that MTA Washington "withheld [Martin's] medical records" and
17   "never stated that [Martin's] injury came from the negligence of being left in the cell
18   that had rain water in it." (Id. at 5).  Based on these facts, Martin seeks compensatory
19   damages in the amount of $150,000 and punitive damages in the amount of $250,000.
20   (Id. at 7.)

21        Defendants move to dismiss Martin's Complaint on the ground that he did not
22   properly exhaust his administrative remedies.  (Defs.' Mem. Supp. Mot. to Dismiss at
23   2).  Alternatively, Defendants move to dismiss Martin's Complaint for failure to state
24   a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).
25   (Id.)

27        [1] Martin's Complaint states that he was "denied medical attention for a whole day until 2-22-
28   5." (Complaint at 4.)  However, his injury allegedly happened on February 19, 2005. (Id. at 1.)  If his treatment occurred on February 22, 2005, then Martin was denied medical attention for at least two full days.

06cv01095

1 **LEGAL STANDARDS**

2     Failure to exhaust administrative remedies under §1997e(a) of the PLRA is an

3 affirmative defense that does not impose a pleading requirement on the Plaintiff. Jones

4 v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.

5 2003). When moving to dismiss for failure to exhaust administrative remedies,

6 Defendants have the burden to raise and prove the absence of exhaustion. Wyatt v.

7 Terhune, 315 F.3d at 1119. In deciding a motion to dismiss for a failure to exhaust

8 nonjudicial remedies, the court may look beyond the pleadings and decide disputed

9 issues of fact. Id. at 1119-20. The failure to exhaust the administrative remedies under

10 the PLRA does not deprive the federal court of its subject matter jurisdiction. Id. at

11 1117 n.9.

12     Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which

13 relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion

14 to dismiss, a complaint does not need detailed factual allegations. Bell Atlantic Corp.

15 v. Twombly, 127 S.Ct. 1955, 1964 (2007). However, a plaintiff's obligation to provide

16 the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions,

17 and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-

18 65 (citation omitted). The court must construe the pleadings of a *pro se* plaintiff

19 liberally. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). However, the court

20 may not supply the "essential elements of the claim that were not initially plead." Ivey

21 v. Bd. of Regents of the Univ. Of Alaska, 673 F.2d 266, 268 (9th Cir. 1988).

22

23 **ANALYSIS**

24     Martin's first objection to the R&R states that he has exhausted his

25 administrative remedies, but does not explain how the remedies were exhausted. (Pl.'s

26 Objections to Defs.' Mot. For Dismissal at 1.) Martin's second objection states that he

27 had exhausted his administrative remedies, because he "would only have to go to the

28 next level if [he] had receive[d] an adverse determination" at the lower level. (Pl.'s

1 | Resp. to Defs.' Mot. to Dismiss at 1.)

2 | **1. Exhaustion of Administrative Remedies**

3 | Exhaustion of administrative remedies is a prerequisite to bringing suit under the
4 | PLRA. 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement requires "proper
5 | exhaustion," that is, if administrative remedies are not available because a prisoner
6 | failed to comply with a deadline or appeal, then the prisoner has not exhausted his
7 | administrative remedies for purposes of § 1997e(a). <u>Woodford v. Ngo</u>, 126 S.Ct. 2378,
8 | 2387 (2006). The PLRA requires administrative exhaustion even where the grievance
9 | process does not permit an award of money damages and the prisoner seeks only
10 | money damages, as long as the grievance tribunal has authority to take some responsive
11 | action. <u>Booth v. Churner</u>, 532 U.S. 731, 733 (2001).

12 | A Defendant who moves to dismiss for failure to exhaust has the burden to raise
13 | and prove exhaustion. <u>Wyatt</u>, 315 F.3d at 1119. Once the Defendant makes a prima
14 | facie showing of the lack of exhaustion, the Plaintiff must refute that showing. <u>Id.</u> at
15 | 1120.

16 | The procedures for filing administrative grievances in prison are fully set forth
17 | in the R&R and will only be briefly discussed here. R&R at 3-4. The CDC 602 form,
18 | attached to the Complaint, shows that Martin did not seek upper formal levels of
19 | review. (Compl. at 10-11.)

20 | **2. Martin's Objections**

21 | Martin first objects to the R&R finding that he did not exhaust his administrative
22 | remedies by stating he indeed has exhausted his administrative remedies. (Pl.'s
23 | Objections to Defs.' Mot. For Dismissal at 1.) Pursuant to Rule 72(b) of the Federal
24 | Rules of Civil Procedure, the District court "shall make a de novo determination upon
25 | the record, or after additional evidence, of any portion of the magistrate judge's
26 | disposition to which specific written objection has been made in accordance with this
27 | rule." Fed. R. Civ. P. 72(b). Because Martin failed to make a specific objection to the
28 | R&R, the Court adopts the finding of the Magistrate Judge in full.

1  Second, Martin objects on the ground that his appeal was granted at the first
2  level of review, and he therefore did not need to proceed to the next formal level. (Pl.'s
3  Resp. to Defs.' Mot. To Dismiss at 1.) Martin does not specify whether his appeal was
4  granted in full or in part. Assuming Martin's appeal was granted in full, the objection
5  does not advance his cause, because if he was granted full relief during administrative
6  proceedings, his present complaint would be moot.

7  Regardless, Martin did not proceed to the next two levels of formal review as
8  demonstrated by his CDC 602 form (Compl. at 11), thus he failed to properly exhaust
9  this claim. The objection therefore lacks merit.

10  **3. Authenticity of Martin's CDC 602 form**

11  Defendants also raise the issue of the authenticity of Martin's CDC 602 form.
12  (Defs.' Memo at 4.) The Magistrate Judge found in the R&R that Martin's form is "not
13  trustworthy or persuasive." (R&R at 6.) In addition to the form lacking a log number
14  or any indication of official processing, the two sections allegedly completed by prison
15  staff "lack the indicia of authenticity." (R&R at 7.)

16  Because Defendants made a prima facie showing of the lack of exhaustion, the
17  burden shifted to Martin to refute the showing. See Wyatt, 315 F.3d at 1120. Martin
18  does not address the issue of authenticity in his Objections. Even if the CDC 602 form
19  was authentic, it still does not support Martin's contention that he exhausted his
20  administrative remedies, because the form indicated upper levels of review were never
21  pursued. In light of the evidence presented by the two declarations and the form itself,
22  the R&R correctly concluded that Defendants satisfied their burden of establishing that
23  Martin did not exhaust his administrative remedies.

24  **4. Eighth Amendment Claim**

25  Defendants also argue that, in the alternative, Martin's complaint should be
26  dismissed for failure to state a claim. (Defs.' Memo at 4.) To state a claim under 42
27  U.S.C. § 1983, a plaintiff must demonstrate that (1) he was deprived of his rights under
28  the Constitution or laws of the United States, and (2) the person who deprived the

- 5 -

06cv01095

1   plaintiff of his rights acted under the color of state law. West v. Atkins, 487 U.S. 42,
2   48 (1988).  Martin argues that Defendants violated his Eighth Amendment rights by
3   showing deliberate indifference to his medical needs and by failing to protect Martin
4   from injury. The R&R provides a thorough analysis of both the deliberate indifference
5   and failure to protect theories for Martin's Eighth Amendment claim.  It properly
6   concludes that Martin's claim must fail, because he did not show that Defendants'
7   actions resulted in substantial harm to him, or that Defendants had actual subjective
8   knowledge of an excessive risk of harm to him and failed to prevent it.  Therefore, the
9   Court wholly adopts the conclusions and findings contained in the R&R regarding the
10  Eighth Amendment claim.

11      Mere delay in treatment does not constitute deliberate indifference unless the
12  delay was harmful.  See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992),
13  *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
14  Cir. 1997) (en banc); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
15  407 (9th Cir. 1985).  Because Martin's Complaint failed to demonstrate that the one
16  day delay[2] in receiving medical treatment resulted in substantial harm, his deliberate
17  indifference claim must fail.

18      In order to prove that prison officials failed to protect him from harm, Martin
19  must show that (1) the harm was objectively, sufficiently serious, and (2) the official
20  possessed a culpable state of mind known as "deliberate indifference."  See Farmer v.
21  Brennan, 511 U.S. 825, 834 (1994).  The standard for deliberate indifference is met
22  when a prison official has actual, subjective knowledge of an excessive risk of harm
23  and fails to prevent it.  Id. at 837-39.  Martin's Complaint fails to demonstrate that
24  either Defendant knew in advance of the water in Martin's cell, or that they were aware
25  Martin could fall and injure himself.  Martin failed to raise any new arguments or offer
26  any new evidence in his Objections to the R&R.  Because Martin did not show that the
27
28
    _____
       [2] Nor has there been a showing of harm if the delay lasted two days, as alleged in the
    Complaint. See *supra* note 1.

1   Defendants possessed the requisite culpable state of mind, his failure to protect claim

2   must fail.   Based on the foregoing, Court *sua sponte* DISMISSES Plaintiff's Eighth

3   Amendment failure to protect claim for failure to state a claim upon which relief may

4   be granted.

5

6   **CONCLUSION**

7        For the foregoing reasons, the Court **ADOPTS** the R&R and **GRANTS**

8   Defendants' Motion to Dismiss in its entirety, based on Plaintiff's failure to exhaust

9   administrative remedies, or, in the alternative, based on Plaintiff's failure to state any

10  claim upon which relief can be granted.

11       Before the Supreme Court decision in Woodford v. Ngo, the Ninth Circuit law

12  directed the district court to dismiss the Complaint without prejudice to allow the

13  prisoner a chance to exhaust his administrative remedies. Wyatt, 315 F.3d at 1120 ("If

14  the district court concludes that the prisoner has not exhausted nonjudicial remedies,

15  the proper remedy is dismissal of the claim without prejudice."). However, Woodford

16  appears to foreclose any untimely exhaustion.   The exhaustion requirement may not be

17  satisfied "by filing an untimely or otherwise procedurally defective administrative

18  grievance or appeal." Woodford v. Ngo, 126 S.Ct. at 2382.   Proper exhaustion

19  demands compliance with an agency's deadlines and other critical procedural rules.

20  Id. at 2386.   Other district courts within the Circuit have suggested that it may be

21  inappropriate for the district court to dismiss the Complaint with leave to amend if it

22  is too late to exhaust. See Janoe v. Garcia, 2007 WL 1110914, at *8-9 (S.D. Cal.

23  March 29, 2007) (dismissing Complaint with prejudice where a prisoner did not pursue

24  the three-step formal review process, and had no time to exhaust); see also Regan v.

25  Frank, 2007 WL 106537, at *4-5 (D. Haw. Jan. 9, 2007) (dismissing plaintiff's claims

26  with prejudice for failure to timely to exhaust administrative remedies as required

27  under 42 U.S.C. § 1997e(a) prior to filing suit).   Martin's CDC 602 form demonstrates

28  that he failed to timely exhaust his administrative remedies as required under 42 U.S.C.

§ 1997e(a) prior to filing his Complaint.  California administrative appeals process requires that prisoner administrative appeals be submitted within fifteen days of receiving an adverse determination.  (R&R at 4). Martin did not submit his second level formal appeal, and <u>Woodford</u>'s proper exhaustion requirement  makes it impossible for Martin to cure this defect at this time.  Therefore, the Dismissal is **WITH PREJUDICE.**  The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

DATE: August 6, 2007

_____
**JEFFREY T. MILLER**
United States District Judge

cc:    Magistrate Judge Stormes
       all parties

- 8 -

06cv01095